# EXHIBIT A

Penniann J. Schumann (Bar No. 6904)
Law Office of Penniann J. Schumann PLLC
2150 South 1300 East, Suite 500
Salt Lake City, Utah 84106
Tel: (801) 631-7811
Fax: (801) 606-7229
pjslaw@me.com

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| In the Matter of the Estate<br><br>Toleush Tolmakov<br><br>Deceased<br><br>Estate of Toleush Tolmakov, Deceased<br><br>Claimant<br><br>v.<br><br>FREEDOM HOLDING CORP., a Nevada Corporation f/k/a BMB MUNAI, INC.; and FFIN SECURITIES, INC., a Nevada Corporation **doing business in Utah**<br><br>Respondent | **MOTION TO COMPEL FREEDOM HOLDING CORPORATION TO PAY INTEREST ON UNPAID DIVIDENDS AND UNDISTRIBUTED STOCK TO THE CLERK OF THE THIRD DISTRICT COURT STATE OF UTAH FOR THE BENEFIT OF THE ESTATE OF TOLEUSH TOLMAKOV AND FOR DETERMINATION THAT STOCK IS NO LONGER RESTRICTED**<br><br>Case No. 193900639<br><br>Assigned Judge: Stone |

COMES NOW the Estate of Toleush Tolmakov (hereinafter "The Estate"), Assel Tolmakova as Personal Representative of the Estate of Toleush Tolmakov, by and through its attorney Penniann J. Schumann of the Law Office of Penniann J. Schumann PLLC, for the *Motion to Compel Freedom Holding Corporation to Pay Interest on Unpaid Dividends and Undistributed Stock to The Clerk of The Third District Court State Of Utah for the Benefit of The Estate of*

*Toleush Tolmakov and for Determination that Stock is no Longer Restricted*, states as follows:

1. This Court ruled on March 18, 2021, that Freedom Holding Corporation is holding the decedent's stock and the stock belonging to the decedent's wholly owned corporation Simage Limited, and it is holding the dividends paid on the decedent's stock, and on Simage Limited, which has been reported on its Form 10k filing with the Security and Exchange Commission annually for 11 years.

2. This Court ruled on March 18, 2021 that pursuant to Utah Code Annotated 75-3-708, 7-3-710, and 75-3-710, the personal Representative properly demanded to take possession of the assets in control of Freedom Holding Corporation.

3. This Court found on March 18, 2021 that Freedom Holding Corporation has not yet paid into the Federal Court registry any assets belonging to the estate of Toleush Tolmakov.

4. This Court ruled on March 18, 2021, that Freedom Holding Corporation SHALL pay into the Third District Court all dividends (deferred distributions) held for Toleush Tolmakov and Simage Limited (being the decedent's 100% owned company) in the amount of at least $8,377,626.00 (still reserving the right for Estate and Simage Limited to seek interest on the distributions), and all stock owned by the decedent and his wholly owned company, Simage Limited being 250,079 shares as reflected in Freedom Holding Corporation's stock register, into the clerk of the court at the Third District Court in and for the State of Utah in the above captioned case.

5. Freedom Holding Corporation has not yet paid the dividends and stock into the Third District Court Registry and is currently seeking a stay of execution.

6. Restricted stock grants were issued to Toleush Tolmakov and are now part of his Estate. Pursuant to the 2011 Form 10-k filed by BMB Munai (nka Freedom Holding Corp.), page F-33, Notes to the Consolidated Financial Statements (*see Exhibit A attached*), restricted stock vested during the fiscal year ended March 31, 2011. Restricted stock vested to the grantee on the one-year anniversary of the grant date or an Extraordinary Event such as a sale of substantially all of the company. The grant date of any restricted stock to Toleush Tolmakov is long past, with his date of death on December 10, 2011. Therefore, there should be no argument that Toleush Tolmakov is fully vested in all stock granted to him, that being at least 130,615 of Freedom Holding Corp owned by the Decedent, and at least 119,464 being owned by Simage Limited, a company that was owned by Decedent.

7. As of the end of January, 2021, the Estate is entitled to Pre judgment interest in the amount of $2,988,211.74. (See Spreadsheet attached as *Exhibit B,* utilizing a reasonable interest rate of 2% + Libor.)

**APPLICABLE LAW**

**The Estate is entitled to Pre-Judgment interest from the date of Toleush Tolmakov's death to present, in the amount of $2,988,211.74 (as of January 31, 2021).**

In this matter, the amount of the damages (the amount of the stock and dividends) have been known since the date of Toleush Tolmakov's death on December 10, 2011. The amount of the principal (only) in 2011 was $8,533,566.00. (See Spreadsheet attached as *Exhibit B,* and see *Exhibit C*- Page 66 of the 2011 10-k filed by BMB Munai (nka Freedom Holding Corp.) which states:

> (2) The shares attributed to Mr. Tolmakov include 3,265,365 shares held of record by Mr. Tolmakov and 2,98,595 shares held of record by Simage Limited. Simage Limited is a company

owned by Mr. Tolmakov. Mr. Tolmakov is the Vice President of Production of the Company.

The Utah Supreme Court has held that prejudgment interest begins to accrue on the date damages are due and ascertainable. See *Trail Mountain Coal Co. v. Utah Div. of State Lands and Forestry,* 921 P.2d 1365 (S.Ct. Utah 1996), where the court stated:

> As a matter of public policy, an award of prejudgment interest simply serves to compensate a party for the depreciating value of the amount owed over time and, as a corollary, deters parties from intentionally withholding an amount that is liquidated and owing.
>
> The Division also contests the Court of Appeals' holding that prejudgment interest did not begin to accrue until the Division made its first demand for payment of the overdue royalties on October 15, 1985. The general rule is that "where the damage is complete and the amount of loss is fixed as of a particular time, and that loss can be measured by facts and figures, interest should be allowed from that time." *Bjork v. April Industries, Inc.*, 560 P.2d 315, 317 (Utah 1977). In *Consolidation Coal*, we followed Bjork, holding that prejudgment interest on Consol's overdue royalties accrued from the date the payments were due. 886 P.2d at 523–24.

In this case, the damages (value of stock and dividends) were due and ascertainable by the date of death of Toleush Tolmakov in 2011.

In *Beckman v. Cybertary Franchising LLC*, 424 P.3d 1016 (Court of Appeals of Utah March 22, 2018), Plaintiff made a claim for prejudgment interest as part of a suit against Cybertary alleging that Cybertary had not paid wages and benefits she was due under the terms of an Employment Agreement. The court held:

> "[T]he purpose of awarding prejudgment interest is to compensate a party for the depreciating value of the amount owed over time and, as a corollary, to deter parties from intentionally withholding an amount that is liquidated and owing." *Encon Utah, LLC v. Fluor Ames Kraemer, LLC, 2009 UT 7, 210 P.3d 263*. Under Utah law, "[p]rejudgment interest may be recovered where the damage is complete, the amount of the loss is fixed as of a particular time, and the loss is measurable by facts and figures." *Id*. "[L]osses that cannot be calculated with mathematical accuracy. . . include those stemming from personal injury, wrongful death, defamation, false imprisonment, malicious prosecution, and assault and battery." *Id*. In those situations, prejudgment interest is inappropriate because "the trier

> of fact is left to assess damages based on a mere description of the wrongs done or injuries inflicted." *Encon Utah, 2009 UT 7, 210 P.3d 263*.
> Here, we agree with Beckman that her damages could be calculated with mathematical accuracy. For Beckman's only successful claim, she alleged that Cybertary had not paid wages and benefits she was due under the terms of the Employment Agreement. The Employment Agreement established the payment schedule and the amounts due to Beckman, and at trial Beckman provided an exhibit breaking down the funds that Cybertary paid. Unlike "cases where the trier of fact is left to assess damages based on a mere description of the wrongs done or injuries inflicted," see id. (citation and internal quotation marks omitted), the amount owed under the Employment Agreement was "ascertainable by calculation," *see id.* Accordingly, we conclude that Beckman was entitled to prejudgment interest. *See id*. *Campbell, Maack & Sessions v. Debry, 2001 UT App 397, 23, 38 P.3d 984* (affirming an award of prejudgment interest where a debt existed under an agreement, the debtor delayed in tendering the amount due, and the court had "sufficient information to calculate the loss with mathematical accuracy and to fix the loss as of a particular time".)

In *Smith v Fairfax Realty*, 82 P.3d 1064 (Supreme Court of Utah. 2003), in a scholarly and insightful discussion of prejudgment interest, and upholding the trial court's award of prejudgment interest to the Plaintiff, the court stated that some jurisdictions apply the rule that a fiduciary who breaches his duties should not be allowed to benefit from his misconduct and therefore must account for interest on any money or property the fiduciary misappropriated. The court cited *See, e.g., Josephson v. Marshall*, 2002 WL 1315604, at *4, 2002 U.S. Dist. LEXIS 10741, at *12 (S.D.N.Y. June 14, 2002) (applying New York law); *McDermott v. Party City Corp.*, 11 F.Supp.2d 612, 633 (E.D.Pa.1998) (applying Pennsylvania law); *Nordahl v. Dep't of Real Estate*, 48 Cal.App.3d 657, 121 Cal.Rptr. 794, 798-99 (1975); *In re Estate of Wernick*, 151 Ill.App.3d 234, 104 Ill.Dec. 486, 502 N.E.2d 1146, 1154 (1986), rationale aff'd, 127 Ill.2d 61, 129 Ill.Dec. 111, 535 N.E.2d 876 (1989); see also *Restatement of Restitution §§ 156, 157* (1937).

WHEREFORE, Estate of Toleush Tolmakov, Deceased, hereby makes the following Prayer for Relief:

1. That FREEDOM HOLDING CORP., a Nevada Corporation f/k/a BMB MUNAI, INC.; and FFIN SECURITIES, INC., be required to pay interest in the amount of $2,988,211.74 into the registry of the 3rd District Court to be held for the benefit of the Estate of Toleush Tolmakov. In the alternative, that FREEDOM HOLDING CORP., a Nevada Corporation f/k/a BMB MUNAI, INC.; and FFIN SECURITIES, INC., be required to purchase and post a bond in an amount commensurate with and to provide security for said interest for the benefit of the Estate.

2. That the court find that any and all restricted stock issued to Toleush Tolmakov by BMB Munai, Inc. (nka Freedom Holding Corp.) has vested and therefore there are no restrictions on such stock.

3. For other relief as deemed necessary and appropriate by the Court.

Dated : 30 MARCH 2021

Law Office of Penniann J. Schumann PLLC

___/s/ Penniann J Schumann___________
By Penniann J. Schumann
LAW OFFICE OF PENNIANN J. SHUMANN, PLLC
*Attorneys for the Estate of Toleush Tolmakov*

## CERTIFICATE OF MAILING

I, hereby certify that on 30 March 2021 I mailed, U.S. Post and postage prepaid, a complete and true copy of the foregoing document, **MOTION TO COMPEL FREEDOM HOLDING CORPORATION TO PAY INTEREST ON UNPAID DIVIDENDS AND UNDISTRIBUTED STOCK TO THE CLERK OF THE THIRD DISTRICT COURT STATE OF UTAH FOR THE BENEFIT OF THE ESTATE OF TOLEUSH TOLMAKOV AND FOR DETERMINATION THAT STOCK IS NO LONGER RESTRICTED** to the following interested persons:

Via Email / e-filing:

Shumway Van
Counsel for Murat Tolmakov, Gulziya Ayapova, Zhiger Tolmakov Ayanat Tolmakova

Via Email to

Kamil Tolmakov, Aslanbek Tolmakov, Fatima Tolmakova, Assel Tolmakova, Vassilya Bikmuhambetova, Dauren Tolmakov, Kamilla Tolmakova, and Saida Tolmakova (all of which are represented by Law Office of Penniann J Schumann PLLC.

And
Via EMAIL, US Post postage prepaid, and personal service pursuant to Rule 4 of the URCP:

Counsel for and director of Freedom Holding Corp.:
Jason Kerr
Price Parkinson & Kerr
5742 West Harold Gatty Drive
Salt Lake City, UT 84116

**BMB MUNAI, INC. (former name of Freedom Holding Corp.)**
C/O Adam R. Cook, Registered Agent
324 South 400 West, Ste. 150
Salt Lake City, UT 84101

/s/Penniann J. Schumann