# EXHIBIT B

Penniann J. Schumann (#6904)
LAW OFFICE OF PENNIANN J. SHUMANN, PLLC
2150 South 1300 East, Suite 500
Salt Lake City, UT 84106
Telephone: (801) 631-7811
Facsimile: (801) 606-7229
pjslaw@me.com

*Attorneys for the Estate of Toleush Tolmakov*
*Assel Tolmakova, Aslanbek Tolmakov*
*Kamil Tolmakov, Fatima Tolmakov*
*DT, KT, ST, and*
*Vassilya Bikmuhambetova*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

---

| | |
|---|---|
| FREEDOM HOLDING CORP., a Nevada Corporation f/k/a BMB MUNAI, INC.; and FFIN SECURITIES, INC., a Nevada Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>ESTATE OF TOLEUSH TOLMAKOV and ASSEL TOLMAKOV as personal representative of the ESTATE TOLEUSH TOLMAKOV; MURAT TOLMAKOV, an individual; KAMIL TOLMAKOV, an individual; ASLANBEK TOLMAKOV, an individual; FATIMA TOLMAKOVA, an individual; ASSEL TOLMAKOVA, an individual; VASILYA BIKMUHAMBETOVA, an individual; DT, an individual; KT, an individual; ST, an individual; GULZIYA AYAPOVA, an individual; ZT, an individual; AT, an individual; and SIMAGE LIMITED, a British | **ANSWER TO THE COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT AND COUNTERCLAIM**<br><br>Case No. 2:20-cv-00067<br><br>Judge Robert J. Shelby |

| | |
|---|---|
| Virgin Islands Limited Liability Company; and JOHN DOES 1-20, individuals; and JANE DOES 1-20;<br><br>Defendants. | |

Defendants, being the Estate of Toleush Tolmakov by and through its Utah Court Appointed Personal Representative, Assel Tolmakova, Assel Tolmakova, individually and as a 10% heir; Kamil Tolmakov, individually and as a 10% heir; Aslanbek Tolmakov, individually and as a 10% heir; Fatima Tolmakova, individually and as a 10% heir; Vassilya Bikmuhambetova, individually and in her capacity as the natural guardian of her three children who are each 10% heirs: DT, an individual and 10% heir KT an individual and 10% heir, and ST, an individual and 10% heir; by and through their attorney Penniann J. Schumann of the Law Office of Penniann J. Schumann PLLC, and Murat Tolmakov, individually and as a 10% heir, and Gulziya Ayapova, an individual and natural guardian of two heirs: ZT an individual and 10% heir and AT, an individual and 10% heir by and through their attorney, Chase Larkin of Shumway Van (collectively "Defendant", "Defendants" or "Tolmakov") hereby file the foregoing Answer and Counterclaim to the Complaint filed by plaintiffs Freedom Holding, Corp. f/k/a BMB Munai, Inc., and FFIN Securities, Inc. ("Plaintiffs"), dated February 4, 2020 (the "Complaint") as follows:

## OVERVIEW

The "Overview" in the Complaint is comprised completely of counsel's narratives, characterizations, and assertions of fact rather than specific allegations of Fact (as Plaintiffs reiterate in their number paragraphs) and thus requires no Answer on the part of these Defendants. Suffice it to say here that there are ten (10) lawful heirs of Toleush Tolmakov, all named as Defendants herein; these ten heirs are *Assel Tolmakova, Kamil Tolmakov, Aslanbek Tolmakov,*

*Fatima Tolmakova, DT, KT, ST, Murat Tolmakov, ZT, and AT* (the "Heirs"); these same ten lawful heirs have been identified as such in court proceedings in Kazakhstan and in a parallel probate action filed in the Third District Court for the State of Utah Case number 193900639 (hereinafter referred to as the "Estate"); all ten lawful heirs have consented to the appointment of Assel Tolmakov as the personal representative of the Estate of Toleush Tolmakov and the Third District Court has so ordered; and that Assel Tolmakov, in her capacity as personal representative of the Estate may properly act in that capacity in respect of any and all Estate matters, including any and all matters arising in this Interpleader Action' and that all of the "disputes" Plaintiffs mention in their "Overview" either never existed or have been conclusively resolved. Finally, the "Overview" requests certain relief as to which the Answering Defendants have no objection, including a declaration as to the appropriateness of the distribution of the funds it has held on behalf of the Estate, provided that Plaintiffs have included all entitlements the decedent had to money held by Plaintiffs and provided Plaintiffs are also required to pay interest to the Estate as set forth in Answering Defendants' Counterclaim herein.

DEFENDANTS OVERVIEW

The Defendants in this action include the Estate of Toleush Tolmakov, and its ten heirs. The Plaintiffs also improperly name Vassilya Bikmuhambetova and Gulziya Ayapova, as they are not heirs and have never had a claim against the estate or the dividends or the stock. These two women are the mothers of minor children of the Decedent. Neither one of them individually have a claim for the assets. They are appearing as Defendants only insofar as they are the natural guardians of their minor children who are heirs. Simage Limited. is a named defendant. It is a British Virgin Island Corporation owned 100% by the Decedent. The Plaintiff's 10k filings

correctly published that Simage Limited is 100% owned by the Decedent and they should be estopped from claiming anything different. Simage Limited. is improperly named as a defendant because it has never sought any claim to stock or dividends except to the stock and or dividends, which was subject to a competing claim as required for interpleader action, and the Plaintiffs should be ordered to pay it to Simage Limited without the burden of this lawsuit or fees being paid for the Plaintiffs. The Estate and its ten heirs have no conflict and do not believe there are any competing claims or ever were any competing claims. They have asked for the Decedent's stock and dividends and believe that the Plaintiff has ulterior motives in bringing this action – such as its self-serving declaratory action concerning the reverse split of the stock and the propriety of the dividends issued among other claims. It is one thing for the Heirs and Estate to have an interest in uncovering the truth and achieving a goal, and another to have the ability financially and all the data to achieve that goal[1] Because the Estate and the Heirs do NOT have the funds or data sufficient to delve into the details they are hereby agreeing to the Plaintiff's assertions regarding the amount of shares registered to Simage Limited and the amount of shares registered to Toleush Tolmakov, and they are agreeing to the dividends[2] which Freedom Holding Corp is offering as owned by the Decedent and owned by Simage Limited. Therefore, the specific answers below are submitted on behalf of the Defendants:

## JURISDICTION AND VENUE

[1] The Estate is interested in knowing what happened to the Decedent's over $4.5 million which was held in escrow pending the consummation of BMB Munai's sale of Emir Oil and was supposed to be returned to the Decedent, and what happened to the guaranteed employee/director severance payment of about $206,000. The Estate would normally be interested in delving into the propriety of the stock split which took the Decedent's holdings from 12% of BMB Munai to less that 1% of Freedom Holding Corp as well as the dividends….

[2] Except insofar as the dividends should have been in an interest bearing account.

1. Admitted.

2. Admitted.

3. The ten lawful heirs have all consented to service and the personal jurisdiction over them of this Court through their respective counsel.

**PARTIES**

4. Admitted.

5. Admitted.

6. Murat Tolmakov is represented by separate defense counsel, but hereby joins in this Answer. The allegations in paragraph 6 are true to the extent of Answering Defendants' knowledge and belief.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Zhiger Tolmakov is represented by separate defense counsel, but hereby joins in this Answer. he allegations in paragraph 16 are true to the extent of Answering Defendants' knowledge and belief.

17. Ayanat Tolmakova is represented by separate defense counsel but hereby joins in this Answer. The allegations in paragraph 17 are true to the extent of Answering Defendants' knowledge and belief.

18. Simage Limited is a British Virgin Islands limited liability company wholly owned by the Decedent, Toleush Tolmakov. It is currently not in good standing as a result of failure to maintain the annual fees due to the division of corporations in that country. The Parties are seeking to restore Simage, Limited. and upon such restoration Simage Limited, which will be wholly owned equally by the ten heirs, intends to join in this answer and counterclaim with the foregoing named Defendants.

19. Denied. There are no John and Jane Does asserting claims against the Estate or any of the Defendants in respect of the Estate to the knowledge or belief of Defendants or Plaintiffs for that matter and this paragraph 19 should therefore be stricken.

**GENERAL ALLEGATIONS**

20. Admitted.

21. Admitted.

22. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations of paragraph 22 and, therefore, deny the same.

23. Admitted that the public filings so state but Answering Defendants are without knowledge or information pertaining to corporate reasons or motivations and the allegations with respect to corporate reasons or motivations due to the financial constraints described above and, therefore, Answering Defendants deny the same.

24. Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of these allegations and the allegations of paragraph 24 are due to the financial constraints described above and, therefore, Answering Defendants deny the same.

25. Paragraph 25 states legal conclusions and therefore requires no response.

26. Paragraph 26 states legal conclusions which require no response. To the extent the paragraph also alleges facts, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those factual allegations and therefore deny them.

27. Paragraph 27 states legal conclusions which require no response. To the extent the paragraph also alleges facts, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of such factual allegations and therefore deny them.

28. Paragraph 28 states legal conclusions which require no response. To the extent the paragraph also alleges facts, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those alleged facts and therefore deny them.

29. Paragraph 29 states legal conclusions which require no response.

30. Paragraph 30 asserts motivations as to which Answering Defendants are without information sufficient to form a belief as to the truth or falsity of said motivations and the allegations of Paragraph 30 are therefore denied.

31. Allegations in Paragraph 31 are Admitted.

32. Admit that Decedent filed the Form 4 and that such Form 4 speaks for itself. Answering Defendants deny the remaining allegations and state that without reservation of any kind Plaintiffs restated and adopted the contents of the Form 4 in their own public filings on multiple occasions and therefore are precluded from asserting lack of knowledge in this proceeding. Answering Defendants thus deny the truth of the assertions in paragraph 32 that

Plaintiffs "cannot independently verify" or "do not know" whether the content of the Form 4 relating to Defendant Simage Limited were true.

33. Simage Limited is a limited liability company established under the laws of the British Virgin Islands and is not in good standing for failing to maintain current annual filing fees with their equivalent of a division of corporations. Therefore, the Heirs are seeking to restore the company to good standing so that it will be qualified to do business under those laws as soon as possible.

34. Admitted because the Heirs do not have any evidence or knowledge different, and do not have the funds to investigate and evaluate each alleged fact.

35. Admitted, because the Heirs do not have any evidence or knowledge different, and do not have the funds to investigate and evaluate each alleged fact.

36. Admitted and state affirmatively that courts in Kazakhstan and in Utah have deemed the ten children the sole and exclusive heirs of Toleush Tolmakov.

37. Admitted. Five of the heirs are still minors.

38. Denied and state affirmatively that all disputes as to entitlement to distributions from the Estate have been conclusively resolved in the courts of Kazakhstan and of Utah; and that Answering Defendants do not know of any other claimants or creditors to or of the Estate.

39. Admitted that over the years Plaintiffs did not determine ownership or how the cash in the Estate should be distributed. But assert that it was not the Plaintiff's job to ascertain *how* the Estate was to be distributed, but only to distribute to a court appointed administrator of the Estate.

40. Answering Defendants lack information sufficient to form a belief as to the truth or

falsity of the allegations of Paragraph 40 and therefore deny the allegations.

41. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of such factual allegations and therefore deny them.

42. Admit but also state affirmatively that all ten Heirs are now represented by counsel. Also all parties and all Heirs are now joining in this answer to the Complaint.

43. Denied.

44. Admitted.

45. Admitted.

46. Denied.

**<u>FIRST CAUSE OF ACTION</u>**
**(Interpleader of Pending Distribution)**

47. Answering Defendants repeat and reallege their responses to paragraphs 1-46 as if fully set forth herein.

48. Admit.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Paragraph 53 requests relief and does not require a response. That said, Answering Defendants do not oppose entry of an Order by the Court requiring Plaintiffs to Interplead the pending distributions owed to Decedent directly and through Simage Limited. unless the court approves the Defendants stipulated motion filed on an even date herewith asking the court to order the Plaintiffs to pay all of the stock and dividends into Third District Court Probate matter for the

Case 2:20-cv-00871-DBB Document 10 Filed 01/27/21 Page 10 of 18

Estate

54. Answering Defendants do not oppose Plaintiffs' proposed Order requiring them to deposit and the Clerk of Court to accept their payment of at least $8,377,626, unless the court approves the Defendants stipulated motion filed on an even date herewith asking the court to order the Plaintiffs to pay all of the stock and dividends into Third District Court Probate matter for the Estate. Answering Defendants deny that that is the "total" sum owed, however, as elaborated in the Counterclaim.

**SECOND CAUSE OF ACTION**
**(Interpleader and Declaratory Relief of Disputed Shares)**

55. Answering Defendants repeat and reallege their responses to paragraphs 1-54 as if fully set forth herein.

56. Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs lack knowledge of the location of 2.415 post-split shares Plaintiffs hold in Decedent's name and therefore deny the same. Admitted as to the remaining allegations.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Paragraph 62 requests relief and does not require a response. Answering Defendants affirmatively state, however, that Defendants know of no competing claims but will Interplead a single, consistent set of claims on behalf of the 10 Heirs.

Case 2:20-cv-00871-DBB Document 10 Filed 04/01/21 PageID.750 Page 11 of 18

63. Paragraph 63 requests relief and does not require a response. Answering Defendants state affirmatively, however, that they know of no conflicting claims needing resolution by this Court, that none of them possesses or knows the whereabouts of the original stock certificate for 2,415 post-split shares, and that the appropriate course for the Court is not to order them to produce something that is not in their possession but rather to require them merely to certify their lack of possession and thereby enable Plaintiffs to issue a replacement stock certificate for the 2415 shares.

64. Paragraph 64 requests relief and does not require a response. Answering Defendants state affirmatively, however, that they know of no conflicting claims needing resolution by this Court, and that the Court should determine that Defendants are each entitled to 10% ownership of the Simage Limited. shares.

**THIRD CAUSE OF ACTION**
**(Declaratory Relief)**

65. Answering Defendants repeat and reallege their responses to paragraphs 1-64 as if fully set forth herein.

66. Admitted.

67. Denied.

68. Admitted.

69. Paragraph 69 requests relief and does not require a response. Answering Defendants affirmatively state, however, that they do not oppose requests for relief numbered (1) – (3); that they do oppose requests (4) and (5) pending affirmative proof by Plaintiffs of compliance with all requirements imposed on them by law and by their corporate documents; and that they oppose request number (6) awarding Plaintiffs fees and costs.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

3. Defendant reserves the right to assert additional defenses as facts are learned through discovery.

**COUNTERCLAIM**

Counter-Claimants Estate of Toleush Tolmakov, etc., (collectively "Counter-Claimants"), counterclaim against Plaintiffs and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Counter-Claimants adopt all of the statements and allegations contained in its Answer above, as if fully written herein.

2. Counter-Claimants are individuals residing in Almaty, Kazakhstan, and are the heirs to the Estate of Decedent Toleush Tolmakov (the "Estate").

3. Plaintiff Freedom Holding Corp. f/k/a BMB Munai, Inc., is a Nevada corporation with its head office located in Salt Lake City, Utah.

4. Plaintiff FFIN Securities, Inc. is a Nevada corporation with its head office located in Salt Lake City, Utah and is a wholly owned subsidiary of Plaintiff Freedom Holding Corp. (collectively with Freedom Holding Corp. the "Company" or "Plaintiffs").

5. The Court has subject matter jurisdiction over this counterclaim pursuant to 28

Case 2:20-cv-00871-DBB Document 10 Filed 04/01/21 PageID.952 Page 13 of 18

U.S.C. § 1332(a), and supplemental jurisdiction over this counterclaim as part of the same case and controversy as alleged in the Complaint. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

**GENERAL ALLEGATIONS**

6. Toleush Tolmakov ("Decedent") is the father of Counter-Claimants.

7. Decedent was the sole owner of Defendant Simage Limited.

8. Decedent passed away in December 2011, and at the time of his death owned 3,265,365 pre-split restricted common shares of the Company, and Defendant Simage Limited owned 2,986,595 pre-split restricted common shares of the Company (the "Shares").[3]

9. Within a year after Decedent's death, he and Simage Limited were entitled to cash distributions from the Company (the "Distributions") of $4,375,589 and $4,002,037 respectively.

10. Since that time, Plaintiffs have not made any payments relating to the Distributions, but have held the Distributions in trust, and safeguarded them until such time as the they could be paid to the Estate or its heirs.

11. As reflected in Plaintiffs' public filings, Plaintiffs have not maintained the Distributions in an interest-bearing account, or otherwise invested the Distributions.

12. As a result, Counter-Claimants have lost hundreds of thousands of dollars in interest and growth.

13. Defendant Assel Tolmakova was appointed as Personal Representative of the

[3] In September 2017, the Company conducted a reverse stock split. According to Plaintiffs, Decedent is currently the shareholder of record of 130,615 restricted common shares of the Company, and Simage Limited is the shareholder of record of 119,464 restricted common shares of the Company.

Case 2:20-cv-00871-DBB Document 10 Filed 01/27/21 Page 14 of 18

Estate in Kazakhstan and in the Utah State probate court.

14. The Estate has ten (10) heirs, consisting of Defendants Murat Tolmakov, Kamil Tolmakov, Fatima Tolmakova, Aslanbek Tolmakov, Assel Tolmakova, DT, KT, ST, ZT, and AT (the "Heirs").

15. The Heirs each have a ten percent interest (10%) in the Estate.

16. The Estate includes Decedent's interest in Simage Limited, the Distributions, and the Shares.

17. Thus, each Heir has a 10% interest in Simage Limited, the Distributions, and the Shares.

18. Plaintiffs are required under Utah law, to transfer 10% of the total Distributions and Shares to each Heir by and through the Estate.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment)**

19. Counter-Claimants incorporate all preceding paragraphs as if fully set forth herein.

20. An actual controversy within the jurisdiction of this Court exists with respect to Counter-Claimants' interests in the assets of Decedents' Estate, including the Distributions and Shares.

21. Counter-Claimants contend that the Heirs are the sole and exclusive heirs to the Decedent's Estate and that each are entitled to 10% of its assets, including the Distributions and Shares.

22. Counter-Claimants are entitled to a judgment declaring that the Estate is entitled to all of the Distributions and shares held by the decedent individually and by Simage Limited, and by and through the estate each Heir is entitled to 10% of the Distributions and Shares.

**SECOND CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty)**

23. Counter-Claimants incorporate all preceding paragraphs as if fully set forth herein.

24. Upon information and belief, Plaintiffs are currently safeguarding, in trust, at least $8,377,626.00 in cash distributions.

25. As the holder and safekeeper of the Distributions, Plaintiffs have undertaken and owe fiduciary duties to Counter-Claimants with respect to the Distributions.

26. Plaintiff's company is a financial entity and understands and knows the value of money and investments.

27. Plaintiffs breached these fiduciary duties by, among other things, failing to hold and maintain the Distributions in an interest-bearing account over the last 9 years.

28. Counter-Claimants have suffered and continue to suffer damages as a result of these breaches, including loss of interest, loss of investment opportunities, and loss of appreciation.

29. Counter-Claimants are also entitled to their reasonable attorneys' fees.

**PRAYER FOR RELIEF**

Case 2:20-cv-00871-DBB Document 10 Filed 01/27/21 Page 16 of 18

WHEREFORE, Counter-Claimants pray that the Court enter judgment

1. Against Plaintiffs declaring that Plaintiffs owe interest on the dividends held in safe keeping;
2. Declaring that the only claimant for the stock and dividends are the Estate and Simage Limited, and there is no competing claim, therefore the Plaintiffs did not need to engage in an interpleader action;
3. That because the interpleader action was improper, that the Plaintiff's shall bear their own attorney fees and costs;
4. That Plaintiffs owed a fiduciary duty to the shareholders;
5. That because of their fiduciary duty, that Plaintiff's breached their fiduciary duty to the shareholders by failing to hold the declared dividends in interest bearing accounts;
6. That Counter Claimants shall be awarded damages in the amount of the lost interest plus whatever the court deems appropriate;
7. That the shares of the Decedent and Simage Limited be paid into the Third District Court State of Utah to be administered properly through the estate proceeding which has proper jurisdiction to administer the estate and distribute to the heirs.
8. That at least $8,377,626.00 plus the interest which should have accrued on such funds be paid into the Third District Court State of Utah to be administered and distributed in accordance with that supervised probate.
9. That Counter-Claimants be awarded costs and attorneys' fees, and for any other and further relief to which Defendants may be justly entitled.

DATED this 27th day of January 2021

__/s/ Penniann J. Schumann
LAW OFFICE OF PENNIANN J. SHUMANN, PLLC
Penniann J. Shumann
*Attorneys for the Estate of Toleush Tolmakov*
*Assel Tolmakova, Aslanbek Tolmakov*
*Kamil Tolmakov, Fatima Tolmakov*
*DT, KT, ST and*
*Vassilya Bikmuhambetova*

APPROVED AS TO FORM:

____/s/ Chase Larkin__________________________
SHUMWAY VAN
Chase Larkin
*Attorneys for*
Murat Tolmakov, individually and as a 10% heir,
and Gulziya Ayapova, an individual and
As natural guardian of two heirs: ZT and AT
Electronic Signature submitted with express permission

Case 2:20-cv-00871-DBB-DBP Document 10 Filed 01/27/21 PageID.457 Page 18 of 18

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2021, I caused a true and correct copy of the foregoing **ANSWER OF THE ESTATE OF TOLEUSH TOLMAKOV TO THE COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT AND COUNTERCLAIM** to be served via the court's electronic notification system to the following:

Jason M. Kerr
Alan W. Dunaway
PRICE PARKINSON & KERR, PLLC
5742 West Harold Gatty Drive
Salt Lake City, UT 84116
jasonkerr@ppktrial.com
alandunaway@ppktrial.com

/s/ Penniann J Schumann