IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In the Matter of the ESTATE OF TOLEUSH TOLMAKOV Deceased, <br><br> Claimant, <br><br> v. <br><br> FREEDOM HOLDING CORP., a Nevada Corporation f/k/a BMB MUNAI, INC.; and FFIN SECURITIES, INC., a Nevada Corporation, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO REMAND <br><br><br> Case No. 2:21-CV-201 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Claimant's Motion to Remand. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

This case originates from a state court probate action (the "probate action") and is related to an interpleader action pending before this Court (the "interpleader action"). Both cases relate to the estate of Toleush Tomakov, the decedent, and more specifically to the disposition of Tomakov's assets that are held by Defendants. In the interpleader action, Defendants sought to interplead the contested assets into the registry of the Court. Shortly after Defendants filed their request, the state court in the probate action ordered Defendants to deposit the same assets into the registry of the state court. Defendants have appealed that order to the Utah Court of Appeals. Thereafter, Claimant filed a motion to compel in the probate action requesting an order that Defendants pay prejudgment interest of nearly $3 million. Based upon the filing of the motion to

compel in the probate action, Defendants purported to remove the motion to compel. Claimant seeks remand.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction."[1] "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."[2] There is a presumption against removal jurisdiction,[3] and the party seeking removal has the burden of proof to establish jurisdiction.[4]

Defendants' attempted removal suffers from a number of defects. First, the removal statute specifies that an action "may be removed by the defendant or the defendants."[5] Only true defendants have removal rights.[6] Defendants here are not defendants in the probate action and admit in their notice of removal that "[n]o complaint has been filed against Freedom Holding Corp or FFIN Securities in state court."[7] Defendants unpersuasively argue that the motion to compel made them a "de facto defendant" in the probate action. In *Home Depot U.S.A., Inc v.*

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[2] *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 136 S.Ct. 1562, 1573 (2016) ("Out of respect for state courts, this Court has time and again declined to construe federal jurisdictional statutes more expansively than their language, most fairly read, requires.").

[3] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995)

[4] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001).

[5] 28 U.S.C. § 1441(a); *Home Depot U.S.A., Inc. v. Jackson*, ---U.S.---, 139 S. Ct. 1743, 1748 (2019).

[6] 14C Fed. Prac. & Proc. Juris. § 3730 (rev. 4th ed.).

[7] Docket No. 2, at 2.

*Jackson*, the Supreme Court held "that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."[8] As in *Home Depot*, these Defendants have been brought into the probate action for the first time by a later filing that did not create a new civil action, so removal is not permitted.

Second, only "actions" may be removed under § 1441.[9] Defendants do not seek to remove the state court probate action, nor could they.[10] Instead, they seek removal only of the motion to compel. This they cannot do. While Defendants contend that the motion "is effectively a new case against Freedom Holding,"[11] it is simply part of the ongoing probate action.[12] Defendants also argue that the motion "is an affirmative claim against Freedom Holdings."[13] But the removal statute refers to "civil action[s]," not "claims."[14] The motion to compel is not a civil action and therefore it cannot be removed.

Third, Defendants' purported removal is untimely. Under 28 U.S.C. § 1446(c)(1), an action removed on the basis of diversity jurisdiction cannot be removed "more than 1 year after

---

[8] 139 S. Ct. at 1748.

[9] 28 U.S.C. § 1441(a); *Home Depot*, 139 S. Ct. at 1748.

[10] *See Rienhardt v. Kelly*, 164 F.3d 1296, 1299–1300 (10th Cir. 1999) (discussing probate exception to jurisdiction); s*ee also Bedo v. McGuire*, 767 F.2d 305, 306 (6th Cir. 1985) ("It is well settled that federal courts have no probate jurisdiction."). Defendants argue that the probate exception does not extend to collateral matters such as the motion to compel, but this simply reinforces the notion that Defendants are improperly seeking to remove only part of the state court action.

[11] Docket No. 9, at 4.

[12] *See Home Depot*, 139 S. Ct. at 1749 (stating that "the filing of counterclaims that included class-action allegations against a third party did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant'").

[13] Docket No. 9, at 4.

[14] *Home Depot*, 139 S. Ct. at 1748.

3

commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Defendants' removal comes more than one year after commencement of the probate action and Defendants have not shown bad faith on the part of Claimant. Defendants point to Claimant's counsel's delay in signing a proposed form of consent to jurisdiction and acceptance of service in the interpleader action in this Court. However, Defendants provide no evidence that this delay was an attempt to prevent removal of the probate action. Thus, the removal is untimely and the case must be remanded.

Finally, the Court must address Claimant's request for attorney's fees. Under 28 U.S.C. § 1447(c), a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in its order remanding the case. The award of attorney's fees under § 1447(c) turns on the reasonableness of the removal.[15] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[16] Given the reasons for remand discussed above, no objectively reasonable basis for removal existed.[17] Therefore, Defendants are ordered to pay Claimant's attorney's fees and costs incurred in litigating the Motion to Remand.

---

[15] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[16] *Id.*

[17] *See Garrett v. Cook*, 652 F.3d 1249, 1257 (10th Cir. 2011) (affirming attorney fee award where removal was untimely); *Huber-Happy v. Estate of Rankin*, 233 F. App'x 789, 790 (10th Cir. 2007) (finding that "removal of the state-court probate proceeding in this case was objectively unreasonable" because "it is a well-established principle that federal courts will not assume general jurisdiction over state-court probate matters").

## III.  CONCLUSION

It is therefore

ORDERED that Claimant's Motion to Remand (Docket No. 3) is GRANTED.  The Clerk of Court is direct to remand this action to the Third Judicial District Court for the State of Utah. It is further

ORDERED that Claimant file documentation supporting its requested attorney's fees and costs within fourteen (14) days of this Order.

DATED this 29th day of April, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge